ALBERT B. BROOKS & others *vs.* THOMAS F. TARBELL & others.

Exceptions do not lie to the refusal of the judge in a suit in equity to reform issues framed
for a jury.

A. conveyed land to a trustee, to hold in trust for A. during his life, then for B. during his
life, and on B.'s death to convey to B.'s heirs. After A.'s death, his heirs brought writs
of entry for the land against the trustee, who was defaulted, and the demandants had
judgment and execution for possession. *Held*, in a suit in equity brought, after B.'s
death, by his heirs, against the trustee, that, on an issue whether the judgment was pro-
cured by the collusion of the trustee, he was a competent witness, under the St. of
1864, *c.* 304, § 1, to prove statements made by himself and by B. to the counsel whom he
retained in the writs of entry, to the effect that A. made the conveyance while insane
and under the undue influence of B., and also to prove that the counsel advised him that
he had no defence.

On an issue whether a deed for the benefit of B., signed by A., was executed while A. was
insane and under the undue influence of B., a witness testified that, shortly before the
time when the deed was executed, an attorney, whom B. had asked to make a deed in
his favor for A. to sign, after talking with A. in the presence of B. and the witness, told
B. that A. was not competent to execute any paper, that B. gave the attorney a nudge,
and told him to go ahead and it would be all right, and that the attorney refused. *Held*,
that the evidence was admissible.

BILL IN EQUITY by the heirs of Phelps Brooks against Thomas
F. Tarbell, Samuel Brooks and Walter Fessenden. The bill
alleged that Samuel Brooks, Senior, owning parcels of land in
Townsend, and in Brooklyn in the state of New Hampshire,
conveyed them by indenture, dated September 27, 1847, to Tar-
bell, to hold in trust for the support of the grantor during his
life, then for the support of Phelps Brooks and his wife during
their lives, and after their decease to convey the land to the

heirs of Phelps Brooks in fee, and Tarbell in the indenture accepted the trusts and covenanted to perform them; that Samuel Brooks, Senior, died August 9, 1848, leaving, as his heirs, his sons Phelps Brooks, Abner Brooks and Samuel Brooks, (the defendant,) and the children of a deceased son Benjamin; that in September 1849 Abner Brooks brought a writ of entry against Tarbell to recover an undivided fourth of the parcel of land in Townsend, claiming by descent from Samuel Brooks, Senior, and in September Samuel Brooks, the defendant, and others of the heirs of Samuel Brooks, Senior, brought a writ of entry against Tarbell to recover other undivided portions of said parcel; that Tarbell in both these actions was defaulted, and judgments were rendered therein, execution issued and the demandants put in possession; that the demandants afterwards conveyed all their interest to the defendants in the present suit, Samuel Brooks and Walter Fessenden; that the said judgments were fraudulently obtained with the collusion of Tarbell and the other tenants; and that Phelps Brooks died in 1865; and the bill prayed that Tarbell and the other defendants might be ordered to convey the land to the plaintiffs.

The answer admitted the making of the indenture and deeds, and the bringing of the writs of entry and proceedings thereon, as alleged in the bill, but alleged that Samuel Brooks, Senior, was insane at the time of making the indenture; that its execution was procured by the fraud and undue influence of Phelps Brooks; that Tarbell never took possession or control of the land, and never accepted said trust or acted in the capacity of trustee in any manner; and that the indenture was void, and Tarbell was never seised of the estate. The answer also denied that the judgments in the writs of entry were obtained by collusion, and alleged that Tarbell entered faithfully upon the defence of the actions, retained counsel, laid the case fairly before them, and was advised by them that he could not successfully defend said actions; and that the judgments were recovered in good faith.

On these pleadings, twelve issues were framed for the jury by *Foster*, J.; the first, as to the capacity of Samuel Brooks,

Senior, at the time of the execution of the trust deed; the second, as to whether Phelps Brooks fraudulently and by undue influence induced his father to execute the indenture; the third, as to whether the judgments were recovered in good faith without collusion; and the other nine, as to whether the conveyances made by the demandants in the writs of entry after they were put in possession, and through which the defendants Samuel Brooks and Walter Fessenden claimed, were made and received for a valuable consideration and in good faith.

At the trial, before *Morton*, J., the plaintiffs, before the case was opened to the jury, objected to any but the first two issues being tried, and asked the judge to reform the issues, and reject those of them that were unnecessary and improper; but the judge declined to reform them, and the trial proceeded upon all the twelve.

Tarbell was called by the defendants as a witness on the third issue, to show that the judgments were not recovered by collusion, and was allowed, against the plaintiffs' objection, to testify that he retained George F. Farley, a counsellor of law, in the writs of entry against him; "that he stated to Farley that he went to Samuel Brooks, Senior, a few days after the indenture was made, and he did not seem to know him or remember anything about the indenture, and asked him what he had to do with his estate; that he told Farley that when the indenture was signed they had to steady Samuel Brooks's arm; that Phelps Brooks got the pen and put it into his hand; that he (the witness) kept from Farley no information, and himself honestly believed he had no defence to the actions; that Farley wished to see Phelps Brooks, and he took him to him, and that Phelps Brooks told Farley that 'he got up the indenture and influenced his father to sign it, his father was not competent, was forgetful and had not knowledge of what he was doing, he had once before got Squire Russell up to make the deed, and Russell thought his father was not competent, and he was not willing to defend;' and that Farley advised Tarbell that he had no defence to the writs of entry, and he acted on that advice and was defaulted."

The defendants also called Edward G. Russell as a witness, who was allowed, against the plaintiffs' objection, to testify " that in September 1847 Phelps Brooks came to the office of his father, who was a lawyer, and wanted him to go up and make out a trust deed for Samuel Brooks to sign, which would be a trust deed for the express benefit of Phelps Brooks; that a day or two after he went with his father to Samuel Brooks; that Phelps and Samuel Brooks were both present; that his father held a conversation with Samuel Brooks to ascertain if he was willing to make a trust deed, and, after talking some time, his father turned towards Phelps Brooks and said, in the hearing of Samuel Brooks, he did not think Samuel Brooks was in a fit state of mind or competent to make any paper; and that Phelps Brooks then approached the witness's father, gave him a nudge and told him to go ahead and all would be right, and his father in an indignant manner refused."

The jury found on all the issues in favor of the defendants; and the plaintiffs alleged exceptions.

*D. S. Richardson & S. Haynes,* for the plaintiffs.

*W. S. Gardner & F. A. Worcester,* for the defendants.

CHAPMAN, C. J. Since the existence of the provision contained in Gen. Sts. *c.* 113, § 10, the decree of a judge on the subject of framing issues to a jury is subject to the right of appeal, but it has never been subject to exception. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45. *Wright* v. *Wright,* 13 Allen, 207. We have no power, therefore, to revise the rulings of the judge on this point.

It appears that Samuel Brooks, Senior, who was the owner of the real estate in controversy, made a deed to the defendant Thomas F. Tarbell, to hold in trust for the support of the grantor during his life; then for the support of Phelps Brooks and his wife during their lives, and at their decease to convey the land to the heirs of Phelps Brooks in fee simple. Samuel Brooks, Senior, and Phelps Brooks and his wife, have deceased, and the plaintiffs, who are the children and heirs of Phelps Brooks, bring this bill to compel Tarbell to convey the premises to them, according to the terms of the trust. There are several other de-

fendants, some of whom are the heirs of Samuel Brooks, Senior and others of whom hold under them, and make claim to their several proportions of the property on the ground that he was not of sound mind when he made the deed to Tarbell, and that Phelps Brooks procured him to make it by fraud and undue influence.

Abner Brooks, one of the defendants, after the decease of his father brought an action against Tarbell to recover one undivided fourth part of the land, claiming title as one of the heirs of Samuel Brooks, Senior, and recovered judgment on the default of Tarbell. The plaintiffs allege that Tarbell fraudulently suffered this judgment to be recovered. Samuel Brooks, Junior, and others recovered a similar judgment against him; and among the issues to the jury in the present suit was the question whether these judgments were recovered in good faith and without collusion. Tarbell was admitted as a witness on this issue, to testify to facts tending to prove the incompetency of Samuel Brooks, Senior, to make the deed to him, and the conduct of Phelps Brooks in procuring the execution of the deed. The plaintiffs allege that he was not a competent witness, as Samuel Brooks, Senior, is deceased. But as Tarbell is a mere trustee, he is made a competent witness by the St. of 1864, *c.* 304, § 1. This case is not like that of *Ela* v. *Edwards*, 97 Mass. 318, in which the party, though an executor, was held incompetent to testify as to his own private dealings with his testatrix in her lifetime, not relating to his trust. Nor is it like the case of *Straw* v. *Greene*, 14 Allen, 206, in which the witness had not acted in a representative capacity, nor was he called to testify to anything of that kind. In this case, it was not contended that Tarbell was connected with the estate otherwise than as trustee. If he was chargeable with any fraud, or any omission or violation of duty, it was merely in this capacity.

A further objection was made, to the admissibility of his testimony. But as the question in issue was, whether, in suffering default, he acted in good faith, it was proper to prove that he acted under the advice of able counsel, and that the case was rightly understood by his counsel. *Robinson* v. *Wadsworth*,

8 Met. 67.  The fact that his counsel, Farley, took pains to have
an interview with Phelps Brooks in respect to the transaction,
and the.admissions made by Brooks as to what he had done,
and the influences under which his father had made the deed,
were pertinent and admissible on this point.

The testimony of Russell as to the efforts of Phelps Brooks
to procure the deed, and as to what took place in the presence
of Samuel Brooks, Senior, was pertinent to the same issue, and
admissible.    *Somes* v. *Skinner,* 16 Mass. 348.    *Winchester* **v.**
*Charter,* 97 Mass. 140                          *Exceptions overruled.*