### ERNEST A. HARRIS *vs.* CHARLES G. MACKINTOSH.

Norfolk.　May 6. — July 5, 1882.

An owner of land on a natural stream may maintain a bill in equity to restrain another owner of land on the stream from carrying on business on his land in such a way as to pollute the waters of the stream to the material injury. of the plaintiff; and such right is not taken away by the St. of 1878, c. 183, which confers certain powers over streams upon the State Board of Health.

An order in equity refusing a motion for issues to the jury, and which is excepted to, is subject to revision on a report of the case.

On a bill in equity by a riparian proprietor of land on a natural stream to restrain another proprietor from so conducting his business as to pollute the waters of the stream, and to cause disagreeable odors at the plaintiff's land, the answer denied that the stream was polluted or disagreeable odors produced at the plaintiff's land, or that the plaintiff intended to use his land as a residence, and alleged that the defendant had a prescriptive right to carry on his business in the manner he was carrying it on. The defendant filed a motion for issues to a jury. This motion was overruled by the judge before whom the case was heard. *Held,* on a report of the case, that the motion should have been granted.

DEVENS, J.　This is a bill in equity, in which the plaintiff alleges that the defendant is carrying on a noxious and offensive trade, that of wool-pulling and the washing of sheep-skins, at a factory in Dedham, on the bank of Charles River, thereby corrupting and polluting the waters of the river, to the nuisance of the plaintiff, who is the owner of a lot of land on the stream below the factory, which lot he purchased for the purpose of building a house and otherwise improving the same. The injury complained of proceeds from the disagreeable odors attending the defendant's business, which are alleged to be perceptible upon the plaintiff's premises and destructive to the occupation of the same, and from the corruption of the water of the stream, as it flows by the plaintiff's lot, so that it would not be safe for drinking purposes for men or animals, should the lot be occupied for a residence, or cattle be depastured thereon.

The defendant, admitting that he is engaged in the business of wool-cleansing, although not of wool-pulling, as alleged by the plaintiff, and contending that his business is incorrectly described by the plaintiff, denies that it is a noxious and offensive trade, that disagreeable odors are caused at the plaintiff's lot, as alleged, or that the water of the stream, as it flows thereby, is rendered unfit for drinking purposes, or that the plaintiff has

any intention of occupying the same as a residence or for the purpose of depasturing cattle. The defendant further asserts that his present building has existed for more than twenty years, and has during all that time been continuously used, by himself and those under whom he claims, for the prosecution of the same business which he now conducts there, and in the same way in which it is at present conducted. If in any manner injury is perceived at the plaintiff's lot, either by disagreeable odors, or by the impurity of the water flowing thereby, he asserts his right as against the plaintiff, or those owning his estate, to conduct his business as it is now carried on, even if to some extent the air is there affected, or the water rendered foul and impure.

The case is before us upon the report of the judge who tried it, in connection with the facts which appear in the report in *Brookline* v. *Mackintosh, ante,* 215, so far as they are applicable, and the additional facts found by the judge, that the defendant's factory is sixty feet from the plaintiff's land; that the plaintiff bought the land, which was then an unimproved woodlot, for the purpose of immediately building a dwelling-house thereon for his own use, at a point two hundred and fifty feet distant from the defendant's factory, but has not yet built upon it; that disagreeable odors from the defendant's business are at times perceptible upon the plaintiff's lot; that the water of the stream, as it flows by the plaintiff's lot, would not always and under all circumstances be safe to use for drinking purposes, in consequence of the use of arsenic at the defendant's place; that the value of the plaintiff's lot, as a place of residence, is made less by reason of the defendant's business; that this difference in value can be estimated in money; that when the plaintiff bought his lot, he intended to cut ice in the river, to water cattle there, and to use the water for domestic purposes; and that, in August 1880, when the plaintiff bought his lot, no business was carried on at the defendant's factory, and the plaintiff had no notice that business was to be done there.

The report further states, that the defendant filed a motion that issues be framed to be tried for a jury, which motion was overruled, and the defendant excepted. The judge, at the request of the parties, reserved the case for the consideration of the full court, such decree to be entered as should seem proper.

The defendant contends that, according to general principles of the common law, the plaintiff has a complete remedy upon the facts alleged by him, and that he should be compelled to resort to his action at law before seeking relief in equity. But it is quite clear that a bill in equity may be maintained by a riparian owner to restrain another from polluting the stream to the plaintiff's material injury. *Merrifield* v. *Lombard*, 13 Allen, 16. *Woodward* v. *Worcester*, 121 Mass. 245. The acts of the defendant, as alleged, tend to create a nuisance of a continuous nature, for which an action at law can furnish no adequate relief.

The defendant further contends, that the St. of 1878, *c*. 183, has conferred upon the State Board of Health full jurisdiction and the right to investigate, hear and determine as to the entire subject-matter of the complaint of the plaintiff; that by it such matter is properly and legally cognizable and relievable; and that since the passage of that statute the plaintiff is not entitled to pursue any remedy which he might have had under the general equity powers of this court. This statute is intended to protect the sources of water supply of cities or towns from pollution by sewage, drainage, refuse or other polluting matter, although it does not destroy rights of drainage or discharge as they lawfully exist at the time of its passage. It places such sources of water supply under the supervision of the State Board of Health, authorizes the application thereto of cities or towns whose rights are invaded, provides for an enforcement of the orders of such board by application to this court or one of its justices, and gives to parties aggrieved a right of appeal to a jury. It appears that Charles River is a source of water supply to the town of Brookline. It is not necessary now to consider whether the sole remedy for a city or town, whose source of water supply is polluted, is to be found under the provisions of the statute above cited, nor whether any remedy is intended to be afforded thereby to riparian owners entitled to the water of a stream which is also used as a source of supply to a city or town. If the riparian owner may avail himself of that statute, his remedy thereunder is not exclusive, and we can perceive no expressed or implied intention that he shall be deprived of ordinary remedies which are provided where one has just ground of complaint against another. The statute has in view a great

public purpose, and is directed to the protection of the public, or that large portion of it interested in the water supply of a city or town. The only application upon which it is in terms made the duty of the State Board of Health to act in investigating any cause of complaint, is that of the city or town. The injury of which the plaintiff complains is an individual injury; it is that done to himself in his use of his property by an alleged wrongful act of the defendant; and, even if the same act be also an injury to the water supply of a town, the plaintiff is not thereby deprived of his ordinary remedy.

At the hearing, the defendant submitted a motion that issues be framed for a jury, which motion was overruled by the presiding justice, and the defendant excepted. While the order directing or refusing an issue to a jury has been held to be within the discretion of the presiding judge, and therefore not properly the subject of an exception; *Ward* v. *Hill*, 4 Gray, 593; *Crittenden* v. *Field*, 8 Gray, 621; *Brooks* v. *Tarbell*, 103 Mass. 496; yet under the Gen. Sts. *c.* 113, § 10, an appeal lies from such an order. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45. *Ross* v. *New England Ins. Co.* 120 Mass. 113. When, therefore, no final decree was entered by the presiding judge, but the whole case was reserved by him for the consideration of the full court, it was intended by him to bring before us, and he has so brought, not merely the questions of strict law, but those of legal discretion also, which must necessarily enter into the final decree, or be disposed of before making such decree. It is not important, therefore, that objection to his action upon this motion should have been made by appeal, and not by exception. A report upon the equity side of the court submits for revision the inferences of fact as well as the conclusions of law involved in it. *Wright* v. *Wright*, 13 Allen, 207, 209. *Parks* v. *Bishop*, 120 Mass. 340. It should equally submit for revision those questions, even if of judicial discretion, which are the subjects of appeal.

The facts stated in the bill and controverted in the answer, as well as those set up in the answer as tending to establish a defence by prescription or estoppel as against the plaintiff, present a series of inquiries highly proper for the consideration of a jury. *Ingraham* v. *Dunnell*, 5 Met. 118. The alleged nuisance consists in the exercise of a necessary and useful manufacture, even if it

be one attended by some disagreeable circumstances. No irreparable injury is threatened to the plaintiff. His lot has not heretofore been, nor is it now, used for a residence or a pasture. It is denied by the defendant that the plaintiff has any intention so to use it, or that he has bought it for any such purpose. The defendant also denies that the air is infected upon the plaintiff's lot, or that the water as it passes thereby is polluted. The defendant further asserts a right by prescription to do all that he has done or is doing. Without passing upon the numerous legal questions that have been argued as to this prescriptive right, as it appeared at the hearing before the judge, it may be said that the mode in which the defendant or his grantors have used their property, the manner in which the business has been heretofore and is now conducted, the circumstances under which active business was for a time suspended and afterwards resumed, the knowledge of such business by the plaintiff's grantors, their assent or their capacity to assent, present a series of inquiries proper to be dealt with by a jury upon issues properly framed. At the trial of such issues the facts may or may not appear as they did before the judge, and by their findings it may be determined whether the defendant is so using his property as to cause an injury to the air or water on the premises of the plaintiff such as would constitute a nuisance, and whether the defendant establishes a right by prescription to do that which he actually does.

Under all the circumstances of the case, without passing upon the question whether the defendant had a constitutional right to a trial by jury, we are of opinion that it was erroneous to refuse to the defendant the right to have issues framed which should submit to a jury the important facts which were in controversy between himself and the plaintiff.

As, upon the reservation, such decree is to be entered as shall seem proper, it is therefore ordered that        *Issues be framed.*

*M. Williams, Jr. & C. A. Williams,* for the plaintiff.

*A. Churchill & C. A. Mackintosh,* for the defendant.