# IN THE MATTER OF THE PETITION OF MARY H. ATCHERLEY.

## No. 1130.

### MOTION TO DISMISS.

ARGUED OCTOBER 28, 1918.                    DECIDED NOVEMBER 7, 1918.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF EDINGS, J., DISQUALIFIED.

APPEAL AND ERROR.

Exceptions do not lie to this court from the refusal of the judge of the land court to frame issues of fact for submission to a jury.

OPINION OF THE COURT BY COKE, C. J.

The petitioner, appellant, filed in the land court of the Territory her petition for the registration of certain land situated in Honuakaha, City and County of Honolulu. Answers were interposed by Lewers & Cooke, Ltd., and Kapiolani Estate, Ltd., denying the petitioner's ownership of the land in question or of any part thereof and setting up title thereto in said Lewers & Cooke, Ltd. Thereafter the land court entered a decree holding that the petitioner had no title to the premises and ordering that the petition be denied and dismissed. The petitioner undertook to perfect an appeal to the circuit court, sitting

with a jury, under the provisions of section 3145 of the Revised Laws. She gave notice of appeal, paid the accrued costs and filed a bond for costs further to accrue. Thereafter she presented to the judge of the land court a petition for framing of issues required by the section of the Revised Laws just cited. The judge of the land court disallowed the suggested issues of fact in language as follows: "The said petition is hereby denied for the reason that the facts set forth are immaterial or are facts which were uncontested and uncontroverted at the trial of this case." The petitioner then presented to the judge of the land court a proposed bill of exceptions based upon the action of the judge of the land court in disallowing the petition containing the proposed issues of fact, which bill of exceptions was thereafter duly and regularly settled and allowed by the judge of the land court. The cause now comes before this court upon the bill of exceptions herein referred to.

The respondents, Lewers & Cooke, Ltd., and Kapiolani Estate, Ltd., have interposed a motion to dismiss the appeal by way of exceptions upon the following grounds:

"First: Because this court has no jurisdiction of the so called appeal or appeal by way of exception.

"Second: Because no appeal was taken in the land court within five days from the order or decision, judgment or decree of the court below to which exception was taken, or at all.

"Third: Because Chapter 178 of the Revised Laws of Hawaii, 1915, in reference to land registration, does not provide and there is no provision of law for taking exception to any opinion, direction, instruction, ruling or order of the judge of the circuit court, and the only way in which the same can be brought to this court is by appeal, and that the same cannot be brought to this court by bill of exceptions as sought in this case."

With this motion we are now concerned.

It is to be noted that although the petitioner endeavored to perfect an appeal from the land court to the circuit

court upon the proposed issues to be tried by a jury the cause at no time reached the circuit court due to the refusal of the judge of the land court to frame issues of fact, one of the steps essential to remove the case from the land court to the circuit court. This being true it is only for us to decide whether exceptions to this court lie from an order or decree of the judge of the land court. We can find nothing in the Revised Laws which warrants such a procedure. This court has heretofore held that "A proceeding to bring land under the operation of the law providing for the registration of title is of the nature of a suit in equity and the rules of equitable procedure generally apply." *In re title of Pa Pelekane,* 21 Haw. 175, 178. Of course exceptions from decrees of courts of equity do not lie to this court. See *Mutch* v. *Holau,* 5 Haw. 314; *Un Wo Sang Co.* v. *Alo,* 7 Haw. 673. Appellate procedure in Massachusetts is similar to our own and the supreme court of that State has at various times passed upon the question now presented to us. In *Brooks* v. *Tarbell,* 103 Mass. 496, the court said: "The decree of a judge on the subject of framing issues to a jury is subject to the right of appeal but it has never been subject to exception." In *Ogden* v. *Greenleaf,* 143 Mass. 349, it was held that "An order of a justice of this court on a probate appeal declining to allow an amendment to an issue of fact framed for the jury cannot be revised by bill of exceptions but only by appeal." See also *Stockbridge Iron Co.* v. *Hudson Iron Co.,* 102 Mass. 45.

There is regrettable confusion and uncertainty in our laws relating to appellate procedure in this and other respects which might well have the attention of our lawmakers. See *Kealoha* v. *Halawa Plantation, ante* p. 436.

The motion is granted and the exceptions dismissed.

*D. L. Withington* for the motion.

*C. H. McBride* contra.