**R. W. MEYER, Limited, Appellant,**

v.

**TERRITORY OF HAWAII, Appellee.**

**No. 13545.**

United States Court of Appeals
Ninth Circuit.

Oct. 20, 1954.

Phil Cass, Eugene, Or., Samuel Shapiro, Honolulu, Hawaii, for appellant.

Edward N. Sylva, Atty. Gen., Rhoda V. Lewis, Deputy Atty. Gen., Territory of Hawaii, Honolulu, Hawaii, for appellee.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

DENMAN, Chief Judge.

R. W. Meyer, Limited, hereafter Meyer, appeals from a decision of the Supreme Court of the Territory of Hawaii, holding that the title to forty-one fifty-fourths of a certain tract of land on the Island of Molokai is not in Meyer.

The land in question is situated in the watershed of a river flowing in a general northwesterly direction between two ranges of mountains. It is at the head of Waihanau Valley above where the river runs over a cliff. At this point the Territory has a tunnel for the intake of water which it supplies to certain towns, the water being appurtenant to the title of the land in question. The Territory had spent upwards of Two Hundred and Fifty Thousand Dollars on its water system.

The case began in an application by Meyer in the Hawaiian land court, having the powers elsewhere exercised in administrative bodies under the Torrens land system, the Territory having consented to its being sued. The proceeding there is in the nature of a suit in equity to determine title. In re Atcherley, 24 Haw. 507; In re Title of Pa Pelekane, 21 Haw. 175.

The Meyer corporation claimed title under a royal patent No. 3437 to one R. W. Meyer, signed by King Kalakaua on October 13, 1888. The grant begins with a metes and boundaries description of the land followed by a map thereof. This is followed by an estimate of the area and then followed by the habendum clause and King Kalakaua's signature. The area claimed in Meyer's application was larger than that to which the Territory resisted Meyer's claim.

The land court held that the boundaries in the map in the patent required interpretation by parole and other evidence. The witnesses testified and many maps were introduced. The court's decree decided that Meyer owned the land.

The Territory, on a writ of error, brought the case to the Hawaiian Supreme Court. That court's opinion held

that no such evidence was necessary to determine the area covered by the patent, but that the patent description and map and survey, made by the government surveyor Montsarrat for the purposes of the patent, excluded the area claimed by Meyer.

Meyer's appeal to this court contends that the Hawaiian Supreme Court erred in not affirming the land court and seeks our consideration of the evidence and the controlling law. This, we think, we are not required to do further than to determine whether there is manifest error in the Hawaiian Supreme Court's judgment.

■ The above recital of the character of the litigation, its proceedings and decisions present no federal question. The matters litigated concern solely Hawaiian law and procedure.

The question of our power in such appeals from the Territorial Supreme Court is determined in a succession of Supreme Court cases. Practically identical with the case at bar is the case of Waialua Agricultural Co. v. Christian, 305 U.S. 91, 59 S.Ct. 21, 83 L.Ed. 60. That was an equity proceeding initiated in the Hawaiian circuit court prior to the creation of its land court. It involved, inter alia, the construction of a lease of land. There was an appeal to the Territorial Supreme Court and an appeal here. This court reversed the Hawaiian Supreme Court. On certiorari the Supreme Court in reversing, 305 U.S. at page 109, 59 S.Ct. at page 30, ruled: "It is true that under the appeal statute the lower court had complete power to reverse any ruling of the territorial court on law or fact but we are of the opinion that this power should be exercised only in cases of manifest error."

■ Since we can find no manifest error in the Territorial Supreme Court's decision, it is ordered that its decision that Meyer's application to the land court be amended by striking therefrom the claim to the disputed area and remanding the case to the land court for further proceedings as to the remainder of the land claimed in Meyer's application, as may be consistent with the Supreme Court's decision, be affirmed.