STOCKBRIDGE IRON COMPANY *vs.* HUDSON IRON COMPANY.
HUDSON IRON COMPANY *vs.* STOCKBRIDGE IRON COMPANY.

In a suit in equity an appeal lies under the Gen. Sts. c. 113, § 10, from the refusal cf a single justice to order an issue to be framed for a jury.

On a bill in equity to reform a deed by inserting a clause alleged to have been omitted by common mistake of the parties, the plaintiff cannot have an issue of the question of mistake framed for a jury as a matter of right, but the court may frame such an issue at its discretion.

On the trial by jury of an issue whether the parties to a deed intended to have a clause inserted therein, but omitted by common mistake to have it done, the intention and mistake must be proved beyond a reasonable doubt, and not merely by preponderance of evidence.

THE FIRST of these suits was a bill in equity alleging that the Stockbridge Iron Company conveyed land to the Hudson Iron Company, by deed reserving to themselves certain rights of taking ore for their use, and that the Hudson Iron Company obstructed them in the exercise of these reserved rights.

THE SECOND suit was a cross bill by the Hudson Iron Company, alleging that the language of the reservation in the deed of the Stockbridge Iron Company to them was inserted in the deed by the common mistake of all parties thereto, and defeated the intention of all said parties, which was, that said rights should be restricted to taking ore for the use only of certain furnaces; and that the Hudson Iron Company were entitled to have the mistake corrected, and the language of the deed and of the reservation therein reformed so as to conform to the true intent and meaning of all parties thereto.

In both cases the Hudson Iron Company moved the court to order an issue to be framed for trial by jury whether the clause restricting the right of taking ore to a right of taking it only for certain furnaces had not been agreed upon by the parties as a term of their contract, and whether such clause had not been omitted from the deed by common mistake. *Wells, J.* overruled the motions; and the Hudson Iron Company appealed.

*B. R. Curtis & T. P. Pingree*, for the Hudson Iron Company. The Declaration of Rights, art. 15, provides that " in all contro-

versies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the legislature shall hereafter find it necessary to alter it;" and therefore each party here has the right to a trial by jury, unless it can be shown that the case is one of those in which some other mode of trial had been used and practised.

Under the Province Charter no court had equity jurisdiction. *McNeal* v. *Brideoak*, Quincy, 470, note. Ib. 537 & note. *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 344, 368. The only exceptions seem to have been, that certain common law courts had power to give relief on mortgages, and against the penalties contained in bonds and other deeds; and that, according to Parker, C. J., in probate cases and suits for redemption of mortgages, there was a practice of trying facts by the court instead of by the jury, which continued down to the adoption of the Constitution. Thus equity causes, with the above possible exceptions, (if they really were exceptions and not rather anomalous proceedings to be referred wholly to local usage,) fall within art. 15, and not within that clause excluding cases " in which it has heretofore been otherwise used and practised." *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 367 *et seq.* The excluded cases must be taken to mean probate, matrimonial and admiralty causes. Article 15 does not refer to particular questions which had been theretofore determined by the court without a jury, (even if it did it would be immaterial in this case,) but refers to controversies and suits; and before a suit to reform a deed can be brought within its exception, it must be shown that the trial of the material facts in such a suit which had theretofore been used and practised was a trial by the court and not by a jury. This cannot be done. *Ward* v. *Hill*, 4 Gray, 593. *Crittenden* v *Field*, 8 Gray, 621. *Elliott* v. *Balcom*, 11 Gray, 286. *Franklin* v. *Greene*, 2 Allen, 519. *Marston* v. *Brackett*, 9 N. H. 336. *Hoitt* v. *Burleigh*, 18 N. H. 389.

*F. W. Palfrey*, for the Stockbridge Iron Company.

CHAPMAN C. J.* This is an appeal from an interlocutory decree, denying the motion by the Hudson Iron Company, that an issue be framed to be tried by a jury. It is contended by the counsel of the Stockbridge Iron Company that the motion was addressed to the discretion of the justice, and that no appeal lies from his ruling. The cases of *Ward* v. *Hill*, 4 Gray, 593, and *Crittenden* v. *Field*, 8 Gray, 621, are cited to sustain this position. But those decisions were made before the existence of the provision of the Gen. Sts. *c.* 113, § 10. It was held in *Wright* v. *Wright*, 13 Allen, 207, that this provision authorized a party, aggrieved by any order or decree of a single judge in an equity or probate cause, to appeal. Under that section the appeal brings up the question whether the ruling shall be affirmed, reversed or modified.

The Hudson Iron Company contend that the right of trial by jury is secured to them by art. 15 of the Declaration of Rights; and that it was so decided in *Franklin* v. *Greene*, 2 Allen, 519. But it was not decided in that case that a party to a suit in equity is in all cases entitled to a trial by jury. In alluding to the fact that issues to a jury do not grow out of the pleadings, as in an action at law, but are framed by the court, it is said in that case that the court will, in framing issues, have regard to the constitutional provision, and will allow the parties to submit to a jury all such material facts as are proper to be decided by them. But in *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 369, Parker, C. J., says that a reasonable construction of art. 15 does not require that a suit in chancery should be tried just as a suit at common law would be, and there is no necessity that the whole case should be put to a jury; and whether the facts proposed to be so tried are essential or not must of necessity be tried by the court. The *dictum* of Mr. Justice Merrick in *Shaw* v. *Norfolk County Railroad Co.* 16 Gray, 409, that there is no doubt that parties in equity are entitled to a trial by jury for the determination of all controverted questions of fact, was an unguarded concession not required by the case; for a trial by jury was there refused.

* COLT, J., did not sit in these cases.

The present is one of the cases where we think it was not intended by the framers of the Constitution to give such a right absolutely. It is a bill to correct and reform a contract. There has not been at common law any right to have a written contract corrected or reformed by parol evidence, nor any process by which it could be done. A suit in equity has been the only known remedy; and in such a suit the plaintiff never had the absolute right of trial by jury. When the Constitution was framed, no general equity jurisdiction had existed here for a long period. *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 368. Nor has there been until recently any judicial power to reform a written instrument. *Dwight* v. *Pomeroy,* 17 Mass. 303. *Leach* v. *Leach,* 18 Pick. 68, 73. *Babcock* v. *Smith,* 22 Pick. 61, 69.

By the common law, parties who execute written instruments are bound by them, and parol evidence is not admissible to add to or diminish or vary their terms. The rule is of great practical importance for the protection of the interests of the citizen, and it is the more so since parties and interested witnesses are permitted to testify. The writing must be regarded, *primâ facie,* as a solemn and deliberate admission of both parties as to what the terms of the contracts actually were; and in *Babcock* v. *Smith* it is said that "the power of rectifying and reforming solemn written contracts is one which by courts of general chancery jurisdiction is exercised very sparingly, and only upon the clearest and most satisfactory proof of the intention of the party." Yet if a mistake is made out by proofs that are entirely satisfactory, equity will reform the contract, so as to make it conform to the intent of the parties. 1 Sugden on Vend. (7th Am. ed.) 212. *Townshend* v. *Stangroom,* 6 Ves. 328 and note. But the mistake must be of both the parties, and must be about the very subject of the contract. Fry Spec. Perf. 225. *Sawyer* v. *Hovey,* 3 Allen, 332. The general rule, that equity will not aid a party who has been guilty of laches, ought also to be applied to this class of cases. In view of these and other considerations, the due protection of the rights of defendants in suits of this character requires that the court should have power in the exercise of its discretion, to deny the plaintiff's motion

to frame an issue to a jury, and to refuse to grant the relief sought. But on the other hand, it is often proper to submit the principal question in controversy to a jury, and the English courts of chancery have done so. 1 Sugden on Vend. (7th Am. ed.) 215.

In the present cause, the Hudson Iron Company allege that, the clause set forth in the bill having been in fact agreed upon as one of the terms of the deed, both parties intended to have it inserted in the deed, and it was left out of the deed by the mistake of both parties. On full consideration of the matter, a simple question of fact being presented, the court is of opinion, in the exercise of its discretion, that the motion be granted.

The ordinary rule of evidence in civil actions, that a fact must be proved by a preponderance of evidence, does not apply to such a case as this. The proof that both parties intended to have the precise agreement set forth inserted in the deed, and omitted to do so by mistake, must be made beyond a reasonable doubt, and so as to overcome the strong presumption, arising from their signatures and seals, that the contrary was the fact.

In the case of *Hudson Iron Company* v. *Stockbridge Iron Company*, an issue is to be framed to a jury. As all the rights of the parties in this respect may be tried and determined upon that issue, it is unnecessary and inappropriate to frame a like issue in the case of *Stockbridge Iron Company* v. *Hudson Iron Company*. In that case, therefore, the order of the presiding justice is affirmed.                    *Ordered accordingly.*