JAMES G. ROSS *vs.* NEW ENGLAND MUTUAL INSURANCE
COMPANY.

Suffolk.   March 22. — 28, 1876.   DEVENS & LORD, JJ., absent.

On a bill in equity to reform a policy of insurance by inserting a clause which it is
alleged the parties agreed to insert, the plaintiff cannot have issues framed for a
jury as a matter of right; and the court will not in its discretion frame such issues,
without evidence that the plaintiff's suggestion of mistake in the contract has any
foundation, or circumstances indicating that the matter can be more satisfactorily
tried by a jury than by the court.

BILL IN EQUITY, filed March 25, 1874, to reform a policy of
marine insurance.

The bill alleged that the plaintiff, being the owner of the ship
Oneida, on June 28, 1872, procured from the defendant a policy
of insurance on said vessel for one year, in the sum of $5000 ;
that the policy contained the clause " prohibited from the river
and gulf of St. Lawrence, Northumberland Straits, Cape Breton,
Pictou and Black Sea, between October 1 and May 1; that in
September, 1872, expecting the ship to arrive at Quebec, he sent
the policy to his agent in Boston, inclosed in a letter as follows :
" Quebec, September 17, 1872.   We inclose the policies on the
Oneida to have the time extended for entering the St. Lawrence.
We expect that she will arrive here early in October, and will
be despatched again without delay.   So please have the St.
Lawrence clause erased."

That the agent exhibited this letter to the president of the
defendant company, who agreed with him to make, for two per
cent. additional premium, such change in the contract of insur-
ance as would be adequate to protect the ship in entering the
river and gulf of St. Lawrence, remaining there and departing
thence, for the purpose, in the manner and at the time it ap-
peared and was shown by the letter she was expected to do, pro-
vided she did not sail from Quebec later than November 15, and
to preserve the validity of the insurance to the end of the term,
notwithstanding the passage of the vessel into and out of the
gulf and river of St. Lawrence, as above stated.

That no specific language to be indorsed upon the policy was
stated or agreed upon between the parties, but the purpose was

fully agreed upon, and the president of the company thereupon indorsed upon the policy and signed the following words : " October 1, 1872. Privilege of using the river and gulf of St. Lawrence outward between. October 1 and November 15, charging two per cent. additional premium therefor."

That the Oneida arrived at Quebec on or about October 22, and remained there or in the river above the city until November 19 following, on which day she sailed from Quebec, bound for Valparaiso, with a cargo of lumber on board.

That afterwards, on or about December 4, the plaintiff went to Boston, and there informed his agent that the vessel sailed from Quebec on November 19, and directed him to make such arrangements with the insurance company, and to have such alterations made in the policy or the memorandum, as would protect the vessel, and preserve the validity of the policy under the circumstances above stated.

That the agent thereupon, on December 5, went to the office of the insurance company, and informed the president of the company that the vessel sailed from Quebec on November 19, and exhibited to him a newspaper published at Quebec, bearing date November 20, and pointed out to him a statement in the newspaper that the ship sailed from Quebec on November 19, as above, and then and there agreed with him, that for an additional premium of one half per cent., which was then and there paid by the agent, the vessel should be protected and insured under the policy, although she had remained in the river St. Lawrence, as above, and had sailed from Quebec on November 19 ; and the president thereupon undertook to make such alterations in the policy or memorandum that the vessel should be protected and insured as above.

That no specific form of words to be indorsed or written upon the policy was agreed upon between the parties, but the president was informed that the vessel had sailed on November 19, as above, and the report of her having so sailed was pointed out to him in the newspaper ; and it was fully agreed between them that the policy should be made good, notwithstanding the fact that the vessel had remained in the river St. Lawrence until November 19, and had sailed from Quebec on that day ; and that she should, for the additional consideration paid as above, be

protected and insured under the policy, notwithstanding the facts that she had so remained and sailed.

That the president thereupon caused the memorandum indorsed upon the policy as above stated to be altered in the following particulars: the words and figures " Nov. 15th " were altered so as to read " Nov. 20th ; " the figures " 2 per cent. " were so altered as to read " 2½ per cent. ; " and the whole memorandum, so altered, read as follows: " October 1, 1872. Privilege of using the river and gulf of St. Lawrence outward between October 1 and November 20, charging 2½ per cent. additional premium therefor. George C. Lord, president."

That the vessel, having sailed from Quebec as above set forth, encountered very heavy weather, during which her head sails and some other sails were blown away, so that she became in part unmanageable, and was finally wrecked and totally lost at Corach House Cove, Newfoundland, on December 1, 1872; and, on January 22, 1873, due notice and proof of loss were given to the defendant company, and in sixty days thereafter the insurance company became liable to pay to the plaintiff said sum of $5000 in gold coin of the United States; but the defendant had refused and neglected to pay the same, or any part thereof.

That by accident, mistake or inadvertence, the memorandum indorsed upon the policy, as above set forth, did not give effect to the agreement and intent of the parties, inasmuch as it only protected and insured the vessel in using the river and gulf of St. Lawrence outward as late as November 20; whereas the agreement and intent, as above set forth, were that she should be insured and protected, having sailed from Quebec on November 19, and should have the right to use the river and gulf of St. Lawrence for such time thereafter as should be found necessary to enable her to pass out of the same; that the plaintiff or his agent received the policy, with the said memorandum thereon, without any special notice or examination, fully believing and trusting that it had been so made as to give effect to the agreement and intent of the parties, as above set forth.

The prayer of the bill was that the defendant might be ordered to reform said policy, or said memorandum indorsed thereon, so as to conform to the concluded agreement for insurance hereinbefore stated, and to give full effect to the intent and agreement

of the parties that the vessel should be protected and insured by said policy and said memorandum, notwithstanding she remained in the river St. Lawrence and set sail from Quebec as above set forth; and for further relief.

The answer admitted the making of the policy and of the memorandum, and denied the making of any other agreement.

The plaintiff moved, before *Morton*, J., that issues of fact, substantially as follows, should be framed, to be tried by a jury:

" Was said defendant corporation, after November 19, 1872, and before any news of the loss of the ship Oneida had reached either the plaintiff or defendant, informed by the plaintiff or his agent that said ship Oneida had sailed from Quebec on November 19, 1872, bound for Valparaiso ?

" Did the defendant corporation, after November 19, 1872, and before any information of the loss of said ship Oneida had reached either the plaintiff or defendant, agree with the plaintiff or his agent that said ship Oneida should be insured and protected under a certain policy of insurance upon her, issued by the defendant corporation, June 28, 1872, for one year from June 27, 1872, at noon, notwithstanding she had remained in the river St. Lawrence until November 19, 1872, as aforesaid, and had sailed from Quebec, bound for Valparaiso, on that day ?

" Did the defendant corporation agree with the plaintiff, or his agent, to make such an alteration in said policy, or indorsement or memorandum on said policy, as should protect and insure said vessel, notwithstanding she had remained in the river St. Lawrence until November 19, 1872, and had sailed from said Quebec on that day as aforesaid ? "

This motion was overruled; and the plaintiff appealed.

*J. C. Dodge*, for the plaintiff.

*H. C. Hutchins*, for the defendant, was not called upon.

GRAY, C. J.   Under our present system, as by the English practice, an order in equity, granting or refusing a motion for issues to a jury, is subject to revision on appeal.  *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45.  *Hampson* v. *Hampson*, 3 V. & B. 41, 43.  *Nicol* v. *Vaughan*, 5 Bligh N. R. 505 *S. C.* 2 Dow & Cl. 420.   But in the case before us no cause is shown for reversing the order below.

In a suit in equity, the plaintiff, at least, has no absolute right to a trial by jury; but when he avails himself of the jurisdiction in equity conferred by the Legislature upon this court, to obtain a remedy which he could not otherwise have, he must take it subject to the rules which govern courts of chancery, and can have a trial by jury only at the discretion of the court. *Ward v. Hill,* 4 Gray, 593. *Crittenden v. Field,* 8 Gray, 621. *Elliott v. Balcom,* 11 Gray, 286, 300, 301. *Stockbridge Iron Co. v. Hudson Iron Co.* 102 Mass. 45, 48. *Dale v. Roosevelt,* 6 Johns. Ch. 255. 2 Dan. Ch. Pract. (4th Am. ed.) *c.* 27.

If an issue is ordered to be tried by a jury, their verdict is conclusive upon that issue, unless set aside by the court for good cause shown. *Franklin v. Greene,* 2 Allen, 519. *Ex parte Morgan,* 2 Ch. D. 72. The court, in the exercise of its discretion, should not order such a trial, unless it is satisfied that the issue is one which can be more satisfactorily tried by a jury than by the court.

The reformation of a written contract by parol evidence is a matter exclusively of equity jurisdiction, depending largely upon the discretion of the court as applied to the circumstances of each case, and never to be allowed except upon the clearest and most satisfactory proof of the intention of both parties. *Stockbridge Iron Co. v. Hudson Iron Co.* 102 Mass. 45, and 107 Mass. 290.

In *Stockbridge Iron Co. v. Hudson Iron Co.* the issue to a jury was ordered upon the cross bill of the Hudson Iron Company, and by way of defence against the bill of the Stockbridge Iron Company, and the Hudson Iron Company was substantially in the position of a defendant objecting to being deprived of its property without a trial by jury, and therefore the court considered it to be in accordance with the spirit of the Constitution that a trial by jury should be ordered.

But in the present case it is the plaintiff who moves for an issue to a jury; and his motion only is before us, without any evidence that his suggestion of mistake in the written contract between the parties has any foundation, or any circumstances indicating that the matter can be more satisfactorily tried by a jury than by the court. He therefore fails to show any reason why a trial by jury should be directed upon the issues tendered.

*Order affirmed.*