LEWIS J. POWERS *vs.* CADWALLADER M. RAYMOND & others.

Suffolk. Jan. 23. — Sept. 5, 1884. DEVENS & C. ALLEN, JJ., absent.

The plaintiff in a suit in equity, under the St. of 1875, *c.* 235, for the collection of a debt out of property alleged to have been fraudulently conveyed to a third person by the debtor, who has been adjudged insolvent, does not, by filing his bill, acquire a lien on the property, within the meaning of the Pub. Sts. *c.* 157, § 47; and the assignee in insolvency may, if he chooses, intervene in the suit for the purpose of having it dismissed, but if the assignee, after notice of the suit, does not intervene, the fact that the defendant has been adjudged an insolvent is not a bar to the bill.

The defendant in a suit in equity, under the St. of 1875, *c.* 235, for the collection of a debt, for goods sold and delivered, out of property alleged to have been fraudulently conveyed by him to a third person, the existence of the debt having been denied and a trial by jury demanded in the answer, is entitled to have issues to a jury framed upon the question of such fraudulent conveyance.

FIELD, J. This is a bill in equity against Cadwallader M. Raymond, John M. Raymond, and Julia C. Salmon, brought to collect a debt, which, it is alleged, the Raymonds owe the plaintiff for goods sold and delivered. It is also alleged that they have conveyed to Salmon certain personal chattels in fraud of their creditors, which she holds, and which are liable to be attached and taken on execution in an action at law against them.

The bill was filed on August 2, 1881, and was brought under the St. of 1875, *c.* 235. (Pub. Sts. *c.* 151, § 3.) The only matters of law which have been brought to this court are the appeals from the refusal of the court below to order issues to a jury, the appeal from the final decree, and the questions arising upon the supplemental answers, which are presented by the report. These supplemental answers allege that the Raymonds have been adjudged insolvent debtors in this Commonwealth, and that an assignment of their joint and separate estates has been made to Charles A. Stebbins, the assignee in insolvency. The defendants contend that, by the assignment in insolvency, the right of the plaintiff to pursue the property alleged to have been fraudulently conveyed has passed to the assignee in insolvency; that the plaintiff can no longer maintain the bill for the purpose of reaching this property; and,

therefore, that jurisdiction in equity is gone. The plaintiff contends that he has acquired a lien upon the property by filing his bill; and that, in any event, he is entitled to have the money which has been paid into court by Salmon applied to the satisfaction of his claim against the Raymonds.

We have decided in *Squire* v. *Lincoln*, *ante*, 399, that the plaintiff, by filing his bill, acquired no lien, within the meaning of the Pub. Sts. *c.* 157, § 47 ; that the assignee can, if he chooses, intervene in the suit for the purpose of having it dismissed, but if the assignee, after notice of the suit, does not intervene, it is not open to the defendants to set up this defence against the plaintiff. The money paid into court was paid in to await the final decree ; if the plaintiff obtains no final decree, he is not entitled to receive this sum.

This is a suit unknown to general equity jurisprudence. If the plaintiff had obtained a judgment at law against the Raymonds, and the execution had been returned unsatisfied, a suit in equity under the general equity powers of the court could have been maintained on the judgment for the purpose of reaching and applying, in satisfaction of it, property which ought so to be applied, but which could not be taken on an execution at law. *Ager* v. *Murray*, 105 U. S. 126. *Carver* v. *Peck*, 131 Mass. 291.

This is not a case in which the title to property purchased and paid for by the debtor remains in the vendor, or has been conveyed to a third person. If the property of the debtor has been conveyed in fraud of creditors, it is as to this plaintiff, if a creditor, regarded in the law as still the property of the debtor. Before the St. of 1875, *c.* 235, the course of legal procedure was well known. The plaintiff could have sued the Raymonds at law and attached their property, and, if he recovered judgment, could have levied execution upon it and have sold it. If Salmon did not yield to the claim of the plaintiff, that the property was liable to be taken on an execution against the Raymonds, she could have replevied the property from the officer or from any other person in whose possession she found it, and who refused to deliver it to her, or could have brought trover for the conversion of it. Both actions would have been tried by a jury, if either party demanded a jury.

By trustee process, under the existing statutes, the plaintiff in an action at law against the Raymonds could have attached the goods in the possession of Salmon, if she held them by a conveyance from the Raymonds which was void as to their creditors. Gen. Sts. c. 142, § 25. Pub. Sts. c. 183, § 26. *Lamb* v. *Stone*, 11 Pick. 527.

In trustee process, the answers and statements sworn to by the trustee are considered as true in deciding how far he is chargeable, but either party "may allege and prove any facts, not stated nor denied by the trustee, that may be material in deciding that question," and these questions of fact may be determined by the court, or may be submitted to a jury, as the court may decide. Pub. Sts. c. 183, §§ 17, 18. The principal defendants in this process would have the right to a trial by jury, if they seasonably demanded it.

These modes of legal procedure still remain. The St. of 1875, c. 235, has given an additional mode of procedure in equity.

This case does not call for any elaborate discussion of the scope of article 15 of the Declaration of Rights. See *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 344; *Ward* v. *Hill*, 4 Gray, 593; *Elliott* v. *Balcom*, 11 Gray, 286; *Shaw* v. *Norfolk County Railroad*, 16 Gray, 407; *Franklin* v. *Greene*, 2 Allen, 519; *Hamilton Ins. Co.* v. *Parker*, 11 Allen, 574; *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45; *Ross* v. *New England Ins. Co.* 120 Mass. 113; *Harris* v. *Mackintosh*, 133 Mass. 228; *Hoitt* v. *Burleigh*, 18 N. H. 389; *Call* v. *Perkins*, 65 Maine, 439; *Rhines* v. *Clark*, 51 Penn. St. 96; *Haines* v. *Levin*, 51 Penn. St. 412; *Haines's appeal*, 73 Penn. St. 169; *People* v. *Albany & Susquehanna Railroad*, 57 N. Y. 161; *Copp* v. *Henniker*, 55 N. H. 179; *Armstrong's Foundry*, 6 Wall. 766; *Morris's Cotton*, 8 Wall. 507; *Root* v. *Railway*, 105 U. S. 189, 206.

It is plain that the question whether the Raymonds are indebted to the plaintiff for goods sold and delivered is a controversy concerning property, which, when the Constitution was adopted, had been always tried by a jury in Massachusetts since the Province charter, had been usually so tried before that charter, and had been so tried in England; that it is not a case in which a trial otherwise than by jury had theretofore

been used and practised, or a case in its essential features unknown to the jurisprudence of the Province and the State at that time. The remedy which the plaintiff seeks is substantially the common law remedy. He seeks to establish his debt against the Raymonds, and to have it paid out of their property, which he alleges they have conveyed to Salmon by a conveyance which is fraudulent and void as to him. The rights sought to be determined and enforced are essentially legal, as distinguished from equitable rights. The statute has changed the mode of procedure, but it would be trifling with the Constitution to hold that, by changing the forms of procedure, the substantial rights declared by it can be taken away. In all controversies which are within the purview of that article of the Declaration of Rights, the "method of procedure" of a trial by jury must be held sacred, whatever the other forms of procedure may be. The Raymonds have not waived this right. They are defendants, and have not voluntarily chosen this procedure; they denied their indebtedness to the plaintiff, and in their answer demanded a trial by jury. Four days after issue was joined, and before the cause was set down for hearing, they moved the court that issues to a jury be framed. This motion was overruled, and they appealed.

We think they had the right, under the Constitution, to have issues to a jury framed covering the material facts at issue between them and the plaintiff. As the case must be sent back, we deem it unnecessary to determine whether Salmon has a right to a trial by jury of the material facts in issue between her and the plaintiff. She has not a right to a trial by jury of the question whether the Raymonds are indebted to the plaintiff, as he alleges. But, exercising the discretion which exists in courts of equity, and which is also given by the Pub. Sts. c. 151, § 27, we think there should be issues to a jury framed covering all material facts at issue between her and the plaintiff upon the question whether the property of the Raymonds was conveyed to her in fraud of their creditors; and whether she holds it by a title fraudulent and void as against the plaintiff. The issues framed in the cause should be tried at the bar of the Superior Court. The final decree entered in the cause is vacated, and the cause remitted to the court sitting

for the county, that it may proceed therein according to this opinion.                                   *So ordered.*

*W. C. Cogswell,* (*O. T. Gray* with him,) for the defendants.

*C. L. B. Whitney,* for the plaintiff.