MERCHANTS' NATIONAL BANK OF NEWBURYPORT *vs.* DANIEL E. MOULTON & others.

Essex. November 4, 1886. — February 23, 1887.

In a suit in equity an appeal lies to the full court from the refusal of a single justice to order an issue to be framed for a jury.

On a bill in equity to set aside a compromise made by the defendant with his creditors, on the ground that the plaintiff's assent thereto was obtained by fraudulent misrepresentations, that the defendant concealed some of his property, and that he unlawfully preferred some of his creditors, who were parties to the compromise, the defendant is entitled to have issues framed for a jury.

BILL IN EQUITY, filed July 3, 1885, against Daniel E. Moulton, George H. Carleton, and Henry P. Chaplin. The defendant Moulton filed an answer, specifically denying the allegations of the bill. On November 25, 1885, he filed a paper in which he claimed a trial by jury upon all the issues raised by the pleadings, and on December 15, 1885, a motion that the court frame issues to be tried by a jury on certain specific questions. This

motion was overruled; and the defendant Moulton appealed to the full court. The nature of the bill and the motion for issues to be framed appear in the opinion.

*E. T. Burley*, for Moulton.

*H. G. Nichols*, for the plaintiff.

MORTON, C. J. It is well settled that an appeal to the full court lies from the order of a single justice refusing to frame issues to a jury, in an equity case, upon the application of one of the parties. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45. *Harris* v. *Mackintosh*, 133 Mass. 228.

The practice of this court has been general, to order issues to be framed upon the application of the defendant, where the right sought to be enforced by a proceeding in equity is essentially a common law right, and where the facts in dispute are such as were tried by jury according to the use and practice before and at the time of the adoption of the Constitution. It is deemed that this course best observes the spirit of the fifteenth article of the Declaration of Rights. Thus, in *Franklin* v. *Greene*, 2 Allen, 519, the question whether a note and mortgage were obtained by fraud and misrepresentation was submitted to a jury upon issues framed by the court. In *Stockbridge Iron Co.* v. *Hudson Iron Co.*, *ubi supra*, in which the defendant brought a cross bill to reform the contract upon which the plaintiff's bill was founded, the court ordered an issue to be framed upon the question whether an important clause was left out of the contract by a mutual mistake of the parties in drafting it. *S. C.* 107 Mass. 290.

In *Harris* v. *Mackintosh*, *ubi supra*, which was a bill to restrain the defendant from carrying on his mill so as to pollute the waters of a stream, the answer of the defendant denied that the stream was polluted, and set up a prescriptive right to use the stream as he was using it, it was held that these issues of fact were proper for and should be submitted to a jury.

In *Powers* v. *Raymond*, 137 Mass. 483, the bill was brought to reach and apply, in payment of the debt due by the defendants Raymond to the plaintiff, property alleged to have been fraudulently conveyed to the defendant Salmon. The Raymonds denied that any debt was due, and it was held that, upon this issue, they had the constitutional right to a trial by jury. It was also held,

that, in the discretion of the court, the defendant Salmon should have issues framed for the jury upon the question whether the property of the Raymonds had been conveyed to her in fraud of their creditors.

We think these cases are decisive of the case at bar.

The plaintiff in this suit seeks to set aside a compromise made by the principal defendant with his creditors, upon the ground that its assent to the compromise was obtained by fraudulent misrepresentations and the concealment of property by the defendant, and that he unlawfully preferred some of the creditors who were parties to the compromise. It is in substance a suit to recover the balance of its debt. It has resorted to equity, and made the defendants Carleton and Chaplin parties in order to make an equitable attachment of property in their hands, alleged to have been conveyed to them by the defendant Moulton in fraud of his creditors. Pub. Sts. *c.* 151, § 3.

But for this purpose, the proper remedy of the plaintiff would be a suit at common law to recover the balance of its debt, in which the same questions of fraudulent misrepresentations and fraudulent preferences would be raised, and in which Moulton would have the right to a trial by jury upon these questions. The case of the plaintiff is substantially a common law case. The statute gives it a right to proceed in equity, but by adopting this procedure for the purpose of obtaining an equitable attachment of property which it could not reach at law, it ought not to deprive Moulton of his right of trial by jury. The issues raised of fraudulent misrepresentations and fraudulent preferences can be as well tried by a jury as by the court, and are such as are, according to our use and practice, highly proper for the consideration of a jury.

The defendant Moulton in the court below, soon after the cause was at issue, claimed a trial by jury. He has not waived his rights. He also moved that "the court frame issues to be tried by a jury in said cause upon the questions whether there was any fraud, concealment, or misrepresentation of material facts on the part of the defendant Moulton and his joint debtor, Little, or either of them, in procuring the release given by the plaintiff, and whether there was any fraudulent preference of creditors under the compromise."

Without discussing the ground taken by Moulton, that in every case in equity the defendant has the constitutional right to a trial by jury if he demands it, a majority of the court are of opinion that in this case, in the exercise of a just discretion, the court should frame the issue for a jury as moved for by Moulton. · *Ordered accordingly.*