A. FRANKLYN HOWLAND & others *vs.* INHABITANTS
· OF WESTPORT.

Bristol.   October 6, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Land Damages — Qualifications of Expert.*

Whether a person should be admitted as an expert as to the value of land is largely in the discretion of the justice presiding at the trial.

PETITION, filed August 13, 1897, for the assessment of damages caused by the taking of land of the respondent for a town way. At the trial in the Superior Court, before *Blodgett*, J., the only question open was that of the assessment of damages.

---

The jury viewed the premises, and the parties introduced the testimony of expert witnesses upon the value of the land taken and the effect of such taking upon the remaining land.

Among other expert witnesses offered by the petitioners was John A. Macomber, who testified that he had been town clerk of Westport for twenty-two years, and that he had been a member of the Legislature, and, while such, Chairman of the Committee on Towns.

Macomber testified that he was somewhat familiar with the premises from having been through there since the road was built; that he was engaged the previous autumn in appraising an estate located in the vicinity; that his judgment as to what the land was worth in 1897 was based on what he had heard of the sales of adjoining land; that he had known land there probably for thirty years, and had been upon it perhaps once or twice a year, sometimes oftener; that he had heard what land similarly situated, where there were certain cottages in a strip, had sold for; that he knew what certain estates in the vicinity had been appraised for, and that in making his estimate of the land in question he took as a basis of his knowledge partly what land similarly located in the vicinity had been appraised for, and partly what he had learned from viewing the premises.

The judge ruled that the witness was not qualified to testify as an expert, and the petitioners excepted.

The jury returned a verdict for the respondent; and the petitioners alleged exceptions.

*H. M. Knowlton & A. E. Perry*, for the respondent.

*J. F. Jackson & R. P. Borden*, for the petitioners.

FIELD, C. J.  The exceptions recite that " the jury viewed the premises, and the parties introduced the testimony of expert witnesses upon the value of the land taken and the effect of such taking upon the remaining land."   The petitioners also offered, as a witness to the value of the land, John A. Macomber, who was examined and cross-examined in regard to his qualifications as a witness upon the value of the petitioners' land.   The presiding justice ruled that he was not shown to be qualified as an expert to express any opinion as to the value of the land taken, and the petitioners excepted to the ruling.

Whether a person should be admitted as such a witness de-

pends largely upon the opinion of the presiding justice as to his qualifications upon the evidence. *Phillips* v. *Marblehead*, 148 Mass. 326. *Amory* v. *Melrose*, 162 Mass. 556. *Teele* v. *Boston*, 165 Mass. 88.

Upon the evidence stated in the exceptions, we do not think that the ruling of the presiding justice should be reversed.

*Exceptions overruled.*