### ISRAEL SHAPIRA *vs.* MICHAEL F. D'ARCY.

Suffolk. December 4, 1901. — January 8, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Constitutional Law*, Right to trial by jury. *Equity Pleading and Practice. Discretion of Court. Frauds, Statute of*, Memorandum.

The right of trial by jury guaranteed by the constitution of the Commonwealth does not include a right to such a trial in a suit in equity.

In a suit in equity to enforce the specific performance of a contract to purchase certain land sold at auction, one of the issues submitted to the jury was, whether the plaintiff procured persons to make fictitious bids by a secret arrangement in fraud of the rights of the other bidders. On this issue the jury disagreed, but disposed of another important part of the case by a verdict. The judge refused to submit the issue again to a jury but discharged it, leaving the question to be tried before a judge. *Held*, that there was nothing to indicate that the judge in discharging the issue had exercised his discretion unwisely.

Where a judge, sitting in equity, sees and hears the witnesses, his findings of fact will not be reversed unless clearly erroneous.

In this suit to enforce a contract to purchase land sold at auction, there was conflicting evidence which was held to justify a finding, that the auctioneer signed a memorandum of the sale a short time thereafter in a building near by, to which the parties had resorted for the purpose and while his authority to bind the purchaser still existed.

BILL IN EQUITY to enforce the specific performance of a contract to purchase from the plaintiff, for $4,500, certain real estate, in that part of Boston called Dorchester, for which the defendant was the highest bidder at a sale by auction on foreclosure of a third mortgage, filed December 27, 1900.

The Superior Court made a decree for the plaintiff in accordance with the prayer of the bill. The defendant appealed from

this and also from two interlocutory decrees. The questions raised are stated by the court.

*J. C. Sharkey*, for the defendant.

*F. N. Nay & D. Stoneman*, for the plaintiff.

KNOWLTON, J. This case comes before us on appeals from certain interlocutory decrees and from a final decree in equity. It presents two questions, first whether the decree discharging an issue for a jury, after a trial with a disagreement on this issue and an agreement on another issue tried at the same time, was erroneous; and second, whether there was error in the finding of the judge that the auctioneer made a sufficient memorandum of the auction sale to take the case out of the statute of frauds.

The question as to the discharge of the issue divides itself into two parts: first, whether the defendant had a constitutional right to a trial by jury on the issue; and secondly, if not, whether the discretion of the court was wrongly exercised in discharging the issue.

This is a bill for the specific performance of a contract, which belongs to a branch of equity jurisprudence that has been recognized from a time long before the adoption of our constitution. The right of trial by jury guaranteed by our constitution, does not include a right to such a trial in suits in equity, in which from early times it was understood that there was no such right, and in which it was the practice to proceed without a jury. Although there has been some difference of opinion expressed in the cases, the trend of judicial decision and of practice in this Commonwealth, has been for a long time in the direction of the proposition above stated. *Ward* v. *Hill*, 4 Gray, 593. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45. *Ross* v. *New England Mutual Ins. Co.* 120 Mass. 113. *Davis* v. *Davis*, 123 Mass. 590. *Carleton* v. *Rugg*, 149 Mass. 550. *Bourke* v. *Callanan*, 160 Mass. 195. *Parker* v. *Simpson*, *ante*, 334.

This is in accordance with the almost universal practice in other jurisdictions. *Davis* v. *Dyer*, 62 N. H. 231. *Connecticut River Lumber Co.* v. *Olcott Falls Co.* 65 N. H. 290. *Huntington* v. *Bishop*, 5 Vt. 186. *Plimpton* v. *Somerset*, 33 Vt. 283. *Hall* v. *Armstrong*, 65 Vt. 421. *Lynch* v. *Metropolitan Elevated Railway*, 129 N. Y. 274. *Ward* v. *Farwell*, 97 Ill. 593. *Flaherty* v. *McCormick*, 113 Ill. 538. *Walker* v. *Sedgwick*, 5 Cal. 192. *Littleton*

v. *Fritz*, 65 Iowa, 488. *State* v. *Crawford*, 28 Kans. 726. In the exercise of the discretion of the court, issues are framed for a jury whenever from the nature of the case and from the facts in dispute it seems that such a trial will best serve the interests of justice. We are of opinion that the defendant had not a constitutional right to a trial by jury, but that the matter was within the discretion of the court.

In this case the issue in question related to only a small part of the controversy, and was narrow and simple. It was, in substance, whether the plaintiff procured persons to make fictitious bids by a secret arrangement in fraud of the rights of other bidders. After one trial and a disagreement of the jury on this issue, and the disposition of another important part of the case by a verdict, it well might appear to the judge who heard the evidence, that a second trial by a jury on this issue was inexpedient, and that the interests of justice and the rights of the parties would best be served by discharging the issue and leaving the question to be tried before a judge. It being a matter of discretion to frame or to deny such an issue in the first place, it was equally within the discretion of the court to discharge the issue. There is nothing in the case to indicate that this discretion was unwisely exercised.

The only remaining question is whether, on the evidence, the finding of the judge that there was a sufficient memorandum in writing of the auction sale should be reversed.

This is a fit case for the application of the familiar rule that where a judge, sitting in equity, sees and hears the witnesses, his findings of fact will not be reversed unless they are plainly wrong. The defendant's counsel concedes that there was ample testimony, if there was nothing to modify or control it, on which to find that the auctioneer signed the papers relied on in the store close by the place of sale, where the parties had gone on account of the inclement weather to have the memorandum prepared and the money paid. Of course, if he did not sign them until several days afterward, they would not be binding on the purchaser. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427. The defendant's own testimony is contradicted in various particulars by that of other witnesses. The auctioneer, the witness on whom the defendant chiefly relies in the argument, had been

called at a previous trial as a witness for the defendant, and he was very uncertain in his testimony as to the times and places of his making the three signatures.   While Mr. Stoneman made a single answer on cross-examination upon which the defendant relies as tending to show that the auctioneer did not then and there sign the acknowledgment in the name of the defendant, this answer loses much of its force when we remember that the purpose of Stoneman in his conversation with D'Arcy was to have him pay the $500 as a deposit, in accordance with the terms of the sale, and that the memorandum could be made binding by the auctioneer immediately without his signature.   The appearance and manner of the auctioneer may have been such as to discredit him altogether in the opinion of the judge.   On the other hand, the presumption that as a licensed auctioneer he would do his duty by making the sale binding, and the presumption that the plaintiff's attorney, who was present, would know at the time whether it was made binding, may have been given much weight.

*Decree affirmed.*