Charles T. McAdams *vs.* Herbert A. Milk & another.

Suffolk.    February 9, 1955. — March 7, 1955.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Counihan, JJ.

*Equity Pleading and Practice*, Jury issues, Motion, Judicial discretion.

A judge of the Superior Court had power to entertain a motion for jury issues filed by the plaintiff in a suit in equity and to pass upon requests for rulings in connection therewith although another judge had previously denied an earlier motion for jury issues by the plaintiff; and exceptions to the action on the later motion and the requests for rulings were properly before this court. [365–366]

A plaintiff amending an action at law into a suit in equity wherein he asserted the same primary cause of action and sought to reach and apply corporate shares of the principal defendant waived his right to a jury trial and left that a matter of judicial discretion. [366–367]

McAdams *v.* Milk.

Reversible error was not shown in the denial as a matter of discretion by a judge of the Superior Court of a motion for jury issues by the plaintiff in a suit in equity, even if the judge limited his discretion to the question whether a jury could "reasonably determine" the cause of action involved and such cause was one habitually heard by juries in actions at law, where the record did not disclose what had been presented respecting the nature of the case at the hearing on the motion. [367–368]

TORT, with a count for alienation of affections and enticement. Writ in the Superior Court dated October 4, 1952.

On March 5, 1953, a motion by the plaintiff to amend the action into a suit in equity was allowed. The plaintiff alleged exceptions to the denial by *Morton, J.,* of a motion for jury issues and to the refusal of requests for rulings in connection therewith.

*Edward M. Joyce,* for the plaintiff.

*Willard C. Lombard,* for the defendant Milk.

QUA, C.J. This proceeding was originally brought in the Superior Court as an action at law by writ returnable in December, 1952. Both parties claimed a jury trial. Later the plaintiff was allowed to amend into a bill in equity wherein he set up as his primary cause of action that the defendant Milk had alienated the affections of the plaintiff's wife and had enticed her to leave the plaintiff and wherein he sought to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (8), shares or an interest of the defendant Milk in the defendant corporation. After the completion of the pleadings in equity the plaintiff filed a motion for the framing of jury issues, which was denied on May 1, 1953, by a judge of the Superior Court. It does not appear what issues were sought by this motion. On October 13, 1953, the plaintiff filed a second motion for jury issues as to whether the defendant Milk was liable to the plaintiff as alleged and if so in what amount. On October 22, 1953, this second motion was denied by another judge "as a matter of discretion." The plaintiff excepts to the denial of his second motion and to the refusal of certain requests for rulings in connection therewith.

There is nothing in this record to show that the second

judge was obliged to entertain a second motion for jury issues after such a motion had been denied by the first judge. The plaintiff had an adequate remedy by appeal or exceptions with respect to the first denial. Still, the second judge did entertain the second motion and passed specifically upon requests for rulings apparently intended as a basis for exceptions. We think this was within his power, and that the exceptions are properly before us. *Loveland* v. *Rand*, 200 Mass. 142, 146. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 109. *Peterson* v. *Hopson*, 306 Mass. 597, 602–603, and cases cited. G. L. (Ter. Ed.) c. 214, § 36.

The judge denied requests the effect of which, if given, would have been that by going over into equity the plaintiff did not waive his right to jury trial. We incline to the view that the plaintiff did waive that right and that thereafter the granting of a jury trial became a matter of judicial discretion.

It is, of course, now well settled that under art. 15 of the Declaration of Rights parties are not ordinarily entitled as of right to a jury trial in equity cases. *Parker* v. *Simpson*, 180 Mass. 334, 355. *Shapira* v. *D'Arcy*, 180 Mass. 377, 378–379. In each of these cases the party asserting a right to a jury trial was the defendant. But long before these decisions had finally settled the general status of jury trials in equity a distinction had been recognized between plaintiffs and defendants. In *Ross* v. *New England Mutual Ins. Co.* 120 Mass. 113, where the jury was requested by the plaintiff, Chief Justice Gray says, at page 117, "In a suit in equity, the plaintiff, at least, has no absolute right to a trial by jury; but when he avails himself of the jurisdiction in equity conferred by the Legislature upon this court, to obtain a remedy which he could not otherwise have, he must take it subject to the rules which govern courts of chancery, and can have a trial by jury only at the discretion of the court." He cites *Ward* v. *Hill*, 4 Gray, 593, where the court, speaking through Chief Justice Shaw, in a case where the plaintiff had an option to proceed either at law or in equity and had chosen equity, held that whether a jury issue should

be allowed upon the application of the plaintiff was within the discretion of the court.

After the enactment of the "reach and apply" statutes now found in G. L. (Ter. Ed.) c. 214, § 3, clauses (7), (8), (9), and (10), the same distinction between plaintiffs and defendants seems to have been carried over into the new forms of equitable procedure. Thus in *Powers* v. *Raymond,* 137 Mass. 483, it was held that the principal defendants, who had not voluntarily chosen this procedure, had not waived their rights and under the Constitution could insist upon issues as a matter of right. This distinction between a plaintiff who voluntarily goes into equity and a defendant who is compelled to respond appears expressly or by implication in other subsequent cases. *Merchants' National Bank* v. *Moulton,* 143 Mass. 543. *Culbert* v. *Hall,* 181 Mass. 24. *Cochrane* v. *Forbes,* 265 Mass. 249, 254. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 371. See *Stockbridge* v. *Mixer,* 215 Mass. 415. And in *Consolidated Ordnance Co.* v. *Marsh,* 227 Mass. 15, at pages 21, 22, it was said as a part of the reasoning of the opinion in a bill to reach and apply under clause (7) that a plaintiff cannot have a jury trial as of right. Somewhat similar statements occur in *Bergeron* v. *Automobile Mutual Ins. Co.* 261 Mass. 409, which was a suit under clause (10). If the question here were one of first impression we should be obliged to inquire more deeply into the reasons which led to a difference in the application of the constitutional right to a jury as between a plaintiff and a defendant. But the cumulative effect of these cases is impressive. For well over a generation it has been the understanding of the courts, and we believe of the legal profession, that a plaintiff going into equity to reach and apply is not entitled as of right to the framing of jury issues, and the practice has been in accord with that understanding. We are not disposed to disturb it now.

The judge granted the plaintiff's request numbered 6 to the effect that the "discretion" which the court was called upon to exercise was whether the issue as to the existence of the debt was "one which a jury can or cannot reasonably

determine." The plaintiff now argues that since the judge granted this request, and since causes of action at law for alienation of affections and enticing are habitually heard by juries, the judge was bound to find that a jury could "reasonably determine" the issue. The request ought not to have been granted, since it limited too narrowly the discretion of the judge. He might well consider other things than whether a jury could "reasonably determine" the issue. See *Culbert* v. *Hall*, 181 Mass. 24, 25–26; *Shapira* v. *D'Arcy*, 180 Mass. 377, 379. Nevertheless, we do not agree that there was reversible error, even if we assume, without deciding, that the judge must now be presumed to have followed his ruling. The request itself conceded that the judge had a "discretion" at least as to whether a jury could "reasonably determine" the issue. We do not know what evidence may have been presented or what statements as to the nature of the case counsel may have made at the hearing on the motion. Even within the narrow range left to the judge by the ruling there may have been sufficient cause for the exercise of discretion to deny the motion. *Ross* v. *New England Mutual Ins. Co.* 120 Mass. 113, 117.

*Exceptions overruled.*