DENERY BERGERON, administrator, *vs.* AUTOMOBILE MUTUAL INSURANCE COMPANY & another.

Bristol.    October 24, 1927. — November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Jury issues. *Insurance,* Liability: motor vehicle. *Equity Jurisdiction,* Suit against insurer under G. L. c. 214, § 3. *Jury and Jurors.*

The plaintiff in a suit in equity under G. L. c. 214, § 3, cl. 10, is not entitled as a matter of right to have framed for trial by a jury an issue to determine whether the insured gave to the insurer a notice required by the provisions of the insurance policy; the determination of that question in such a suit lies within the discretion of the court.

BILL IN EQUITY, filed in the Superior Court on August 2, 1927, and described in the opinion.

In the Superior Court, the plaintiff moved for jury issues. The motion was denied by *Walsh,* J., as described in the opinion, and his ruling was reported to this court for determination.

*D. R. Radovsky,* (*H. W. Radovsky* with him,) for the plaintiff.

*E. Martin,* (*A. E. Yont* with him,) for the defendants.

PIERCE, J. This is a bill in equity under G. L. c. 214, § 3, cl. 10, to recover against the defendant insurance company a judgment debt which the plaintiff, as administrator of the estate of Gerard Bergeron, had obtained previously against the defendant Mary Anna Janson, the administratrix of the estate of Hubert Fontaine, in an action of tort based upon injuries received by, and the death of, said Gerard Bergeron caused by the said Hubert Fontaine in the operation of an automobile on or about June 21, 1922.

The defendant insurance company in its answer "admits that it issued a policy of insurance to the said Hubert Fontaine, but denies that the said Hubert Fontaine has complied with the terms and conditions of the said policy and denies that it is liable to the said plaintiff in this action"; and in its amended answer says "that the contract of insurance between the respondent and the said Hubert Fontaine expressly provided that the agreement was subject among others to the following condition, namely, 'The insured shall give immediate notice with full particulars, in form prescribed by the company, of any accident covered by this Policy; shall promptly advise the Company of any claim or demand made in respect thereto, with full particulars'"; and further, that the said Hubert Fontaine did not give immediate notice of the accident upon which the original action was brought and judgment rendered, and upon which this bill of particulars is based, and did not give like notice with full particulars of any claim on account of such injuries.

On the day of the filing of the amended answer and subsequently thereto, the plaintiff filed a motion for jury issues as follows: "Now comes the petitioner in the above entitled proceedings and moves that the following issue may be framed for a trial by jury in the Superior Court: 'Did Hubert

Fontaine, the insured, give immediate notice of the accident upon which the original action was brought, and of the claim on account of said accident?'" This motion was "denied as a matter of law." The plaintiff excepted and upon the agreement of the parties the judge reported the case to this court.

The question of law intended to be presented to this court is not clear. We assume the denial, as matter of law, of the request of the plaintiff to frame issues for trial by jury was not on the ground that the judge in his discretion was without authority to frame issues to a jury in any equity proceedings or in supplementary proceedings under G. L. c. 214, § 3, cl. 10. In the exercise of sound discretion a judge, sitting in equity, has power to submit or deny issues of fact to a jury. *Parker* v. *Simpson*, 180 Mass. 334. *Shapira* v. *D'Arcy*, 180 Mass. 377, 379. G. L. c. 214, §§ 34, 35, 37, and Equity Rule 30 (1926). The question reported is, Was the plaintiff as a matter of law entitled to have issues framed to a jury? In the absence of a statutory provision otherwise, the general rule is that a plaintiff who avails himself of jurisdiction in equity must take it subject to the rules that govern courts of equity, and that he is not entitled as matter of right to have an issue of fact tried by a jury. *Culbert* v. *Hall*, 181 Mass. 24. *McCarthy* v. *Waltham Co-operative Bank*, 234 Mass. 512, 515.

The plaintiff has obtained a judgment against the administratrix of the estate of the principal defendant, and there is no occasion for issues covering material facts between her and that defendant, as there was in the case of *Powers* v. *Raymond*, 137 Mass. 483.

G. L. c. 214, § 3, cl. 10, confers an equitable remedy engrafted upon a common law action. *Stockbridge* v. *Mixer*, 215 Mass. 415. It does not in terms provide that the plaintiff shall be entitled to have issues framed for the purpose of deciding facts material to an issue between the principal defendant and the defendant insurance company. A suit on a judgment against a defendant not a party to the principal action is one purely equitable and similar to a creditor's bill. It belongs to the jurisdiction of equity; and

is triable by the court without a jury; but therein any issue of fact may be submitted to a jury. *Stockbridge* v. *Mixer, supra.* The defendant insurance company in the case at bar does not seek a jury trial, and the question whether it is entitled to have such a trial is not before us. See *Merchants' National Bank of Newburyport* v. *Moulton,* 143 Mass. 543.

The ruling, as we understand it, was right. It results that the action against the defendant insurance company should be heard in the equity session of the Superior Court, in accordance with the agreement of the parties to the action, unless, upon further consideration, the judge in the exercise of his discretion directs that issues be framed and tried to a jury.

*Decree accordingly.*