## HOME ACC. INS. CO. v. BERGES.

Circuit Court of Appeals, Ninth Circuit. February 11, 1929.

Rehearing Denied March 18, 1929.

No. 5510.

Hadsell, Sweet & Ingalls, Dan Hadsell, Joe G. Sweet, and Everett A. Ingalls, all of San Francisco, Cal., for appellant.

Robert E. Hatch, of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. Luigi Corvi, minor son of Pietro Corvi, died from injuries received in a collision between a street car operated by the Sacramento Northern Railway and an automobile driven by one Edward Guastalli, in which young Corvi was riding as a guest. Thereafter an action was brought in the state court by the father against the railway company and the driver of the automobile to recover damages for the death of his minor son by the wrongful act and neglect of the two defendants. In that action, the father recovered judgment against both defendants in the sum of $4,200, with interest and costs of suit. An execution issued against the property of Guastalli has been returned unsatisfied. At the time of the accident, which resulted in the death of young Corvi, Guastalli, the driver of the automobile, carried a policy of insurance in the Home Accident Insurance Company, wherein that company agreed to indemnify the assured against loss or expense arising or resulting from claims upon the assured for damages on account of bodily injuries, including death, at any time resulting therefrom, whether instantaneous or not, accidentally suffered or alleged to have been suffered by any person or persons not employed by the assured, by reason of the ownership, maintenance, or use of any automobile described in the schedule attached.

Because of a requirement of a statute of the state of California (Statutes and Amendments to the Code of California 1919, p. 776), the policy contained the following provision: "The insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of this policy and resulting from accidents covered by the policy; and in case judgment shall be secured against the assured by the injured person or his heirs or personal representatives in case death resulted from the accident, an action may be brought by such injured person, or his heirs, or personal representatives, in case the accident resulted in his death, to recover on the policy the amount of such judgment, not exceeding the amount of the policy and subject to all its other terms, conditions and limitations."

The statutory requirement is as follows: "No policy of insurance against loss or damage resulting from accident to, or injury suffered by another person and for which the person insured is liable * * * shall be issued or delivered to any person in this state by any domestic or foreign insurance company, authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy and stating that in case judgment shall be secured against the insured in an action brought by the injured person or his heirs or personal representatives, in case death resulted from the accident, then an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person, his heirs or personal representatives as the case may be, to recover on said judgment."

The present action was instituted against the insurance company by one Berges, as assignee of the judgment recovered by the father; the complaint alleging the insolvency and bankruptcy of the assured. From a judgment in favor of the plaintiff, the defendant has appealed.

There is no controversy over the facts, but the appellant contends that the statutory right of action is given to the injured person, or to his heirs or personal representatives, in case death resulted from the accident, in the event of the insolvency or bankruptcy of the assured, and that the deceased son, and not the father, under whom the appellee claims, was the injured person. In other words, the contention is that the assignor of the appellee was neither the injured person nor his heir or personal representative. While the term "heir" has a primary and technical signification, it is nevertheless a flexible term, without any well-defined meaning.

"This term is often used as descriptive of a class of persons who cannot, in fact, take as heirs. In common speech it is frequently used to indicate those who come in any manner to the ownership of any property by reason of the death of the owner, and is often employed to denote a person who acquires or may receive property, either personal or real, by right of blood relation;

kindred who are capable of inheriting; one who, upon the death of another, may acquire or succeed to his estate by right of blood and by operation of law; one who is born or begotten in lawful wedlock; one who is next of blood; one who may take by right of blood; the persons entitled by will or otherwise to share in the estates of decedents; the person upon whom property devolves on the death of another, either by law or by will. The word has a technical signification, and, when unexplained and uncontrolled by the context, must be interpreted according to its technical sense, or its strict legal import. But notwithstanding its primary and well-understood meaning, the term is a flexible one, is susceptible of more than one interpretation, and has in law several significations, under different circumstances, and the word 'heirs' as frequently happens is not used in any exact or technical way. The signification of the word is in all cases a question of intention." 29 Corpus Juris, 292.

"According to the context, it may include a blood relation; a child; a daughter; a descendant; a devisee; a distributee; an executor; a kinsman; a grandchild; a grandson; heirs and distributees; heirs of the body; issue; a lawful successor; a legatee; a lineal descendant; a parent; a person begotten of the body; a personal representative; a person next of blood; relatives; representatives; a right heir; a son, or one who in a legal sense answers to the description." Id. 294.

The common law gave no right of action for the death of one person by the wrongful act or neglect of another. The right of action in such cases is purely statutory, and the person or persons entitled to sue recover as beneficiaries of the statute, not strictly as heirs. In some instances the right of action is given to the heirs generally, sometimes to only a portion of those who answer to that description, and we entertain no doubt that the Legislature of California used the term "heirs" in this broad comprehensive sense, and intended to bring within the protection of the statute every person who is given a right of action for the death of another by wrongful act or neglect, whether the person or persons to whom the right of action is thus given come within the technical definition of the term heirs or not. It seems to be conceded that, if the decedent was an adult, his heirs would have a right of action against the company under the facts disclosed by the record, and there is no reason, except an extremely technical one, why the same right should not be accorded to the father or mother, as the case may be, where the decedent is a minor. The statute provides in general terms that, in case judgment shall be secured against the assured in an action brought by the injured person, or his heirs or personal representatives, in case death resulted from the accident, then an action may be brought against the company on the policy by the injured person, his heirs or personal representatives, and we are of opinion that the action in question was brought by one of that class.

The appellant further contends that the remedy is in the nature of a creditors' bill in equity; but the action is a statutory one, and the remedy at law would seem to be full, complete, and adequate. The case of Bergeron v. Automobile Mutual Liability Insurance Co., 261 Mass. 409, 158 N. E. 763, cited by the appellant, is without application, for the reason that the Massachusetts statute there involved expressly provided that the remedy should be in equity.

The judgment of the court below is affirmed.