SUPERIOR COURT 
 
 JOHN W. BALDWIN, JR., ROBERT N. BALDWIN, JAMES R. BALDWIN, AND JOHN E. BALDWIN v. THOMAS P. CONNOR, JR., MARIA H. CONNOR, JOHN J. CONNOR, II, NICHOLAS KOURTIS, POLYVINYL FILMS, INC., AND INDUSOL, INC.

 
 Docket:
 1984CV03396-BLS2
 
 
 Dates:
 January 16, 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER DENYING PLAINTIFFS’ MOTION FOR A JURY TRIAL ON ALL CLAIMS
 
 

 After the Court’s decision in March 2024 on the parties’ cross-motions for summary judgment, and its subsequent clarification of that decision in May 2024, the only claims that remain to be tried are the claims by John W. Baldwin, Jr., Robert N. Baldwin, James R. Baldwin, and John E. Baldwin (the “Baldwins”) that: (1) Thomas and Maria Connor (the “Connors”) breached their fiduciary duties by freezing the Baldwins out of their management and employment positions at Polyvinyl Films, Inc. and Indusol, Inc.; (2) Nicholas Kourtis aided and abetted the Connors’ alleged breaches of fiduciary duty; and (3) the Kourtis and the Connors engaged in a civil conspiracy to freeze out and oppress the Baldwins in violation of the Connors’ fiduciary duties. Trial is scheduled to begin March 3, 2025.
The Baldwins have moved for a jury trial on the remaining claims. They contend that they have a constitutional right to have a jury decide the civil conspiracy claim, and ask the Court to exercise its discretion to have the jury decide “their equitable claims for fiduciary duty and aiding and abetting.” The Connors and Kourtis oppose this request, and urge the Court to try the case without a jury.
The Court will deny this motion. It concludes that the parties do not have any right to a jury as to any of the remaining claims. And it will exercise its discretion to decide the remaining claims without a jury.
1. Breach of Fiduciary Duty Claim. As the Court previously explained in this case, and as the Baldwins now concede, there is no right to a jury trial on a claim that a shareholder or director of a closely-held corporation breached their fiduciary duty to minority owners. See Merola v. Exergen Corp., 423 Mass. 461, 464 (1996) (majority shareholder’s claim for breach fiduciary duty of loyalty to
 
                                                            -1-
 
shareholders of close corporation was equitable claim properly decided by judge rather than jury).
A claim for breach of loyalty or some other fiduciary duty “falls within a branch of equity jurisdiction well known at the time of the adoption of our Constitution in 1780,” and therefore no party may “claim trial by jury as a matter of right” on such a claim. City of Boston v. Dolan, 298 Mass. 346, 355 (1937); accord Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 527 n.32 (1997); Commissioner of Banks v. Harrigan, 291 Mass. 353, 356 (1935). “There is no constitutional right to a jury trial when the cause of action arises in equity.” Demoulas, 424 Mass. at 526.
2. Aiding and Abetting Claim. It necessarily follows—and the Baldwins again concede—that there is also no right to a jury trial on the claim that Kourtis aided and abetted the Connors’ alleged breach of fiduciary duty. See Shrock v. Meier, No. 1-23-0069, 2024 WL 5181532, at *6–*7 (Ill. App. Ct. Dec. 20, 2024).
If a plaintiff’s claim “ ’is analogous, in either subject matter or remedy sought, to cases within the court’s equity jurisdiction, as it existed at the time of the adoption of the Constitution,’ there is no right to trial by jury.” Rosati v. Boston Pipe Covering, Inc., 434 Mass. 349, 350 (2001), quoting Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 223 (1994).
Since there can be no liability for aiding and abetting a breach of fiduciary duty in the absence of a breach of fiduciary duty, see Arcidi v. National Ass’n of Govt. Employees, Inc., 447 Mass. 616, 623–624 (2006), the subject matter of the Baldwins’ aiding and abetting claim is analogous to an equitable claim for breach of fiduciary duty.
Thus, where the gist or nature of the action is that one defendant aided and abetted corporate fiduciaries in exercising power for their own advantage, in violation of their fiduciary duties, as in this case, the claim is equitable in nature and neither party is entitled to a jury trial as a matter of right. See Central Laborer’s Pension Fund v. McAfee, Inc., 17 Cal.App.5th 292, 344–350, 225 Cal.Rptr.3d 249, 294–300 (Cal. Ct. App. 2017); accord Damage Recovery Sys., Inc. v. Tucker, No. Civ.02-1647-SLR, 2005 WL 388597, at *2 (D. Del. Feb. 2, 2005).
3. Civil Conspiracy Claim. The same is true with respect to the Baldwins’ claim for civil conspiracy. The subject matter of this claim also focuses entirely on the Connors’ alleged breach of fiduciary duty.
 
                                                            -2-
 
To succeed on its claim that the Connors and Kourtis are liable for participating in a conspiracy on a “concerted action” theory, the Baldwins must establish “an underlying tortious act in which two or more persons acted in concert and in furtherance of a common design or agreement.” Bartle v. Berry, 80 Mass. App. Ct. 372, 383–384 (2011).
The only underlying tortious act alleged here is breach of fiduciary duty. The allegation that Kourtis conspired with the Connors “to freeze out and oppress” the Baldwins is an allegation that the remaining defendants conspired in carrying out a breach of the Connors’ fiduciary duties. See Pointer v. Castellani, 455 Mass. 537, 550 (2009) (a freeze-out of minority shareholders is a breach of fiduciary duty).
Thus, in the circumstances of this case the claim for civil conspiracy requires a showing that Kourtis knew that the conduct by the Connors “constituted a breach of fiduciary duty,” and that he “substantially assisted in or encouraged that conduct.” Baker v. Wilmer Cutler Pickering Hale and Dorr LLP, 91 Mass. App. Ct. 835, 847–848 (2017). Since the subject matter of the conspiracy claim is analogous to and in fact concerns an equitable claim for breach of fiduciary duty, the Baldwins have no right to have a jury decide this claim either.
Indeed, given that no right to a jury trial attaches to the claim that the Connors breached their fiduciary duty or to the claim that Kourtis aided and abetted that breach, as the Baldwins concede, it would make no sense that the Baldwins could obtain a right to a jury trial merely by putting those allegations together in a claim for engaging in a conspiracy to commit a breach of fiduciary duty.[1]
4. Exercise of Discretion. The Court recognizes that it has broad discretion to grant a jury trial even where there is no right to a jury. See, e.g., St. Fleur v. WPI Cable Systems/Mutron, 450 Mass. 345, 353-354 (2008). This discretion applies to claims for breach of loyalty or other fiduciary duties. See Sullivan v. First
 
--------------------------------------------
 
[1] The Baldwins have not identified any appellate decision to the contrary. They mistakenly rely on a decision by this Court almost six years ago finding that, in the circumstances of that case, that plaintiff’s claim for civil conspiracy was a legal claim for damages and therefore that plaintiff had a right to have a jury decide a claim for civil conspiracy. The Court did not hold in that earlier decision that every claim for civil conspiracy is triable to a jury as of right, regardless of the subject matter or remedy sought. Though the Baldwins also cite to Willett v. Herrick, 242 Mass. 471 (1922), in their reply memorandum, that decision did not address any right to a jury trial.
 
                                                            -3-
 
Massachusetts Fin. Corp., 409 Mass. 783, 790 (1991) (“The judge did not abuse her discretion in deciding to submit the breach of [fiduciary] duty claims to the jury, even though, standing alone, those claims were not ones as to which a jury trial was required.”); see  generally  Bergeron  v.  Auto.  Mut.  Liab.  Ins.  Co.,  261 Mass. 409, 411 (1927) (“In the exercise of sound discretion a judge, sitting in equity, has power to submit or deny issues of fact to a jury.”).
In the exercise of its discretion, however, the Court opts to hear and decide the remaining claims without a jury.
ORDER
Plaintiffs’ motion for a jury trial on all claims is denied. Plaintiffs have no right to have a jury decide any of the remaining claims. The Court will exercise its broad discretion to try the remaining claims without a jury.